# Supreme Court of Florida

No. SC2024-0779

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE 1.350 AND 1.370.**

January 15, 2026

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee filed a report proposing amendments to Florida Rules of Civil Procedure 1.350 (Production of Documents and Things and Entry on Land for Inspection and Other Purposes) and 1.370 (Requests for Admission).[1]  The Court and the Committee separately published the proposed amendments for comment.  No comments were received in response to either publication.

We adopt the amendments to rules 1.350 and 1.370 proposed by the Committee with modifications.  In rule 1.350, we amend subdivisions (b)(2) and (b)(4) to require, respectively, that requests

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

for production and responses to requests for production (i.e., the pleading without any of the documents being produced) be served on all parties in a case. And we correspondingly amend rule 1.370(a) to require that requests for admissions and responses to requests for admissions be served on all parties in a case.

Accordingly, the Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on April 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Maegen Peek Luka, Co-Chair, Civil Procedure Rules Committee, Tampa, Florida, Rebecca Mercier Vargas, Co-Chair, Civil Procedure Rules Committee, Palm Beach Gardens, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 1.350.  PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY ON LAND FOR INSPECTION AND OTHER PURPOSES**

**(a)**    [No Change]

**(b)    Procedure.**

(1)    [No Change]

(2)    Requests must be served on all parties. The request must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity.

(3)    [No Change]

(4)    Responses must be served on all parties. For each item or category the response must state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.

(5) – (9)    [No Change]

**(c) – (d)**    [No Change]

**Committee Notes**
[No Change]


**RULE 1.370.    REQUESTS FOR ADMISSION**

**(a)    Request for Admission.**

(1)    A party may serve on any other party a written request for the admission of the truth of any matters within the

scope of rule 1.280(c) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

(2)   Requests and responses must be served on all parties. Copies of documents ~~shall~~must be served with the request unless they have been or are otherwise furnished or made available for inspection and copying.

(3)   Without leave of court the request may be served ~~up~~on the plaintiff after commencement of the action and ~~up~~on any other party with or after service of the process and initial pleading ~~up~~on that party.

(4)   The request for admission ~~shall~~must not exceed 30 requests, including all subparts, unless the court permits a larger number on motion and notice and for good cause, or the parties propounding and responding to the requests stipulate to a larger number.

(5)   Each matter of which an admission is requested ~~shall~~must be separately set forth.

(6)   The matter is admitted unless the party to whom the request is directed serves ~~up~~on the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant ~~shall~~is not ~~be~~ required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading ~~up~~on the defendant.

(7)   If objection is made, the reasons ~~shall~~must be stated.

(8)   The answer ~~shall~~must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(9)   A denial ~~shall~~<u>must</u> fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party ~~shall~~<u>must</u> specify so much of it as is true and qualify or deny the remainder.

(10)  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny.

(11)  A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c).

(12)  The party who has requested the admissions may move to determine the sufficiency of the answers or objections.

(13)  Unless the court determines that an objection is justified, it ~~shall~~<u>will</u> order that an answer be served.

(14)  If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

(15)  Instead of these orders the court may determine that final disposition of the request be made at a pretrial conference or at a designated time before trial.

(16)  The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(b)    Effect of Admission.**

(1)　Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

(2)　Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.

(3)　Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.

**Committee Notes**
[No Change]

**Authors' Comment**
[No Change]